106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cleveland SEAMON, Jr., Plaintiff-Appellant,
v.
Ernest ROKOSIK, et al., Defendants-Appellees.
 No. 96-1261.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 31, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Cleveland Seamon, Jr., wants damages under 42 U.S.C. § 1983 from the officers who arrested him in his mother's home. He has two theories: that the officers lacked probable cause to arrest him, and that the officers should not have entered his mother's home without a warrant for his arrest.
 
 
 2
 Seamon was arrested (and later convicted) for arson. Despite Heck v. Humphrey, 512 U.S. 477 (1994), the conviction does not prevent the adjudication of Seamon's claims, for a violation of the fourth amendment is not logically inconsistent with the validity of the conviction. See Homola v. McNamara, 59 F.3d 647 (7th Cir.1995). But the conviction does imply that the officers likely had good reason for the arrest, as a review of the record shows. Before arresting Seamon for setting a fire in the hallway of the building where Seamon's estranged wife lived, the officers knew that Seamon had been seen in the hallway, shortly before the fire, holding a bottle in a paper bag. He and his wife argued when she refused to admit him. The fire began shortly thereafter. A similar bottle (and remnants of a bag) were found in the debris; the bottle held an accelerant. Seamon's wife told the officers that she believed him to be the arsonist, a reasonable inference. The arrest was supported by probable cause.
 
 
 3
 The police located Seamon at his mother's house after Seamon's nephew, then 13 years old, called the police to say that he had taken refuge there. (The police asked Seamon's mother for help in locating him; she must have relayed this request.) Arriving at the house, the police were admitted to the basement by the nephew, who lived in his grandmother's house and kept his video games in its basement, and where Seamon himself had spent the preceding two weeks while separated from his wife. Seamon contends that the nephew was too young to give effective consent. Cases in other circuits reject such arguments, see Lenz v. Winburn, 51 F.3d 1540, 1548-49 (11th Cir.1995); United States v. Clutter, 914 F.2d 775, 778 (6th Cir.1990), but we need not decide whether to follow these opinions.
 
 
 4
 For the objection to a warrantless arrest entry is not that the suspect will end up in custody--United States v. Watson, 423 U.S. 411 (1976), and United States v. Santana, 427 U.S. 38 (1976), hold that probable cause alone is enough to support an arrest and the ensuing custody--but that the police will invade an area of privacy, seeing or seizing what they should not. See Payton v. New York, 445 U.S. 573 (1980). This is why Steagald v. United States, 451 U.S. 204 (1981), concludes that what is needed for an arrest in a third party's dwelling is a search warrant: the officers enter the house to search for the person they have probably cause to arrest. Seamon does not contend that while inside his mother's house the police found, saw, or seized any materials protected by a genuine interest in seclusion. All the officers wanted, and apparently all they took, was Seamon. For that, all they needed was probable cause. Seamon was no worse off than he would have been had the officers waited for him to emerge from the basement and then arrested him. His mother might have had a legitimate beef about the entry, but she is not complaining. Nothing in this sequence entitles Seamon to damages.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)